**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REYNA YOLANDA CHAVEZ-MARTIN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-957

Agency No.
A206-446-685

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2025[**]
Phoenix, Arizona

Before: GRABER, TALLMAN, and BADE, Circuit Judges.

Reyna Yolanda Chavez-Martin, a native and citizen of Guatemala, petitions for review of the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1. Substantial evidence supports the agency's denial of asylum and withholding of removal on the ground that Chavez-Martin failed to establish a nexus between any past or potential future harm and a protected ground under the Refugee Act. Although Chavez-Martin argues that she was harmed and will be harmed because she is Mayan and an indigenous woman in Guatemala, the agency determined that neither ground was a "central reason" or "a reason" for her alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). According to her testimony, Chavez-Martin was attacked and threatened by unidentified individuals for unknown reasons or for reasons unrelated to a statutorily protected ground. We therefore cannot say that "any reasonable adjudicator would be compelled to conclude," 8 U.S.C. § 1252(b)(4)(B), that Chavez-Martin suffered or will suffer harm <u>on account of</u> her Mayan ethnicity or her membership in the putative social group "indigenous women in Guatemala."

2. Chavez-Martin also argues that she established a well-founded fear of persecution based on her membership in a disfavored group, relying in part on country conditions evidence. But the agency permissibly concluded that she did not

establish an individualized or unique risk of persecution.[1] *See Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999). Thus, the record does not compel us to disturb the agency's denial of asylum and withholding of removal.

3.  Substantial evidence supports the agency's denial of Chavez-Martin's CAT claim. The record evidence does not compel the conclusion that government officials knew about or were willfully blind to the incidents of which she testified, nor does it compel the conclusion that the Guatemalan government is likely to acquiesce in any future torture that she might suffer. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

---

[1] Chavez-Martin argues that the agency failed to address her argument regarding her membership in a disfavored group. However, the immigration judge assumed *arguendo* that "indigenous women in Guatemala" was a disfavored group, and the Board of Immigration Appeals explicitly adopted and affirmed the immigration judge's decision.